IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARVIN COMBS et al.,

    Plaintiffs,

v.

AAA CLUB ALLIANCE, INC.,

    Defendant.

Case No. 23-CV-18-JHP-JFJ

**OPINION AND ORDER**

Before the Court is the Motion for Leave to File Motion to Dismiss Out of Time ("Motion") filed by Defendant AAA Club Alliance Inc. ("AAA Club"). Dkt. No. 8. For the reasons set forth below, the Motion is GRANTED.

**BACKGROUND**

On August 4, 2022, Plaintiffs filed their complaint in the Tulsa County District Court, alleging that Defendants breached an agreement to provide roadside assistance. Dkt. No. 2-2. AAA Club was served with a copy of the complaint on December 21, 2022 [Dkt. No. 2-3; Dkt. No. 8 at 1] and filed a notice of removal on January 12, 2023. Dkt. No. 2. Under Federal Rule of Civil Procedure 81(c)(2), AAA Club was required to file a responsive pleading by January 19, 2023. *See* Fed. R. Civ. P. 81(c)(2) (providing that a defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) *7 days after the notice of removal is filed* (emphasis added)).

On January 30, 2023, after no action had been taken in the case, the Court entered a minute order advising the parties that if no action was taken by February 27, 2023, the case would be

dismissed for lack of prosecution.  Dkt. No. 7.  On January 31, 2023, AAA Club filed the instant Motion, seeking leave to file a motion to dismiss out of time.  Dkt. No. 8.  Plaintiffs oppose the request.  Dkt. No. 10.

## LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing if the party files a motion showing that the delay was the result of "excusable neglect."  Excusable neglect is an "elastic concept" that empowers courts, where appropriate, to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993)).

The determination whether a party has shown excusable neglect warranting an out-of-time extension is "an equitable one" based on "all relevant circumstances," including:  (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."  *Id.* at 395 (construing the Bankruptcy Rules' counterpart to Rule 6(b)(1)(B), which at the time was Rule 6(b)(2)); *see also United States v. Torres*, 372 F.3d 1159, 1161-62 (10th Cir. 2004) (discussing the concept of excusable neglect); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (applying *Pioneer*'s definition of "excusable neglect" in Rule 6(b) context).  "The most important factor is the third" and "an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

## DISCUSSION

In seeking leave to file a motion to dismiss out of time, counsel for AAA Club claims that, although he filed the notice of removal on his client's behalf, removal of actions "is not a regular part of [his] practice," and that when the case was removed, he "failed to realize" that the motion to dismiss had not been filed. Dkt. No. 8 at 1. According to counsel, his failure to timely file the motion was due to "an error in communication and management," which he contends constitutes excusable neglect. *Id.*

1. **Prejudice to Plaintiffs**

The first factor the Court considers when assessing excusable neglect is the risk of prejudice to the opposing party. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Here, Plaintiffs argue that allowing AAA Club to file a motion to dismiss out of time would result in prejudice because AAA Club is in default, therefore Plaintiffs are entitled to an entry of default pursuant to Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). However, the Court recognizes that default judgments are disfavored. *Polaski v. Colorado Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006). Further, the motion for leave to file out of time in this case was filed only seven days after the responsive pleading deadline had passed. Discovery has not yet commenced, and no scheduling order has been entered. Under these circumstances, the Court finds that there would be no prejudice to Plaintiff and, thus, this factor weighs in favor of allowing the filing out of time.

2. **Length of Delay and Potential Impact Proceedings**

The second factor addresses the length of the delay and the impact a late filing will have on the judicial proceedings. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. As previously discussed,

3

this case is in its early stage and the motion to file out of time was filed only seven days after the responsive pleading deadline had passed. Given this procedural posture, the Court finds that this factor weighs in favor of allowing the filing out of time.

3. **Reason for Delay**

The third factor addresses the reasons for the delay. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Here, the only reason counsel offers for his failure to timely file a motion to dismiss is a "an error in communication and management." Dkt. No. 8 at 1. "[I]nadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *United States v. Mitchell*, 464 F.3d 1149, 1151 (10th Cir. 2006), *cert. granted, judgment vacated on other grounds*, 551 U.S. 1129 (2007) (alteration in original) (citation omitted). Thus, this factor weighs against finding excusable neglect.

4. **Good Faith**

The fourth factor addresses whether the movant has acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. It is not disputed that the failure to timely file a motion to dismiss in this case is attributable to a mistake by AAA Club's counsel. There is no evidence of bad faith on the part of AAA Club or of its counsel. Notably, Plaintiff's do not suggest otherwise. Therefore, this factor weighs in favor of finding excusable neglect.

Weighing the relevant factors, the Court concludes that AAA Club's failure to timely file a responsive pleading after removal was the result of excusable neglect. Accordingly, the Court will grant AAA Club's request for leave to file a motion to dismiss out of time.

IT IS THEREFORE ORDERED that AAA Club's Motion for Leave to File Motion to Dismiss Out of Time [Dkt. No. 8] is GRANTED. AAA Club shall file its motion to dismiss or other responsive pleading no later than March 16, 2023.

Dated this 9th day of March 2023.

                                                  JOHN F. HEIL, III
                                                  UNITED STATES DISTRICT JUDGE